OPINION
Marcus Wise appeals from his conviction of escape pursuant to R.C.2921.34(A)(1), a third degree felony. His appellate counsel has informed us he can find no legitimate grounds for appeal and asks us to permit him to withdraw pursuant to Anders v. California (1967), 386 U.S. 738. The defendant was advised on May 30, 2001 that he could file his own brief in this matter. He has declined to do so.
Wise pled guilty to the escape charge in return for the State's entering a nolle pros to seven counts of grand theft in an unrelated indictment. The trial court sentenced Wise to two years in prison.
We have examined the record and have found that the trial court complied with Crim.R. 11 completely and that Wise's plea appeared to be a knowing, intelligent, and voluntary plea with an appreciation of the consequences facing him.
The sentence imposed by the court was also appropriate. The trial court stated that it had considered the seriousness and recidivism factors in R.C. 2929.12 and concluded that the two year sentence was appropriate. The court received a pre-sentence investigation report noting that Wise had a prior felony conviction and a number of misdemeanor convictions for trespassing. The defendant could have received a sentence of up to five years in prison.
We have reviewed the pre-sentence investigation report. The report notes that the defendant was convicted of the felony of possession, manufacturing, and sale of dangerous weapons in Ventura, California in 1993 and the felonies of receiving stolen property and forgery in Ohio in February 2000. The defendant received short terms of imprisonment for the felony convictions.
Since the sentence imposed in this case was not the defendant's first prison sentence, a minimum sentence was not indicated. See, R.C.2929.14(B). The low end of the intermediate sentence imposed by the trial court was not an abuse of discretion.
The judgment of the trial court is Affirmed.
WOLFF, P.J., and YOUNG, J., concur.